PER CURIAM.
Previously in this case, the Court adopted new form 12.996(d), Florida Addendum to Income Withholding Order. In Re: Amendments to Florida Family Law Rules of Procedure—Form 12.996(d), 94 So.3d 558 (Fla.2012).[1] This new form is intended to supplement a federally approved income withholding form, “Income Withholding for Support,” OMB 0970-0154, in order to comply with Florida statutory requirements that the federal form does not satisfy. Id. at 559. After adoption of the form, interested persons were permitted a comment period. Id. Two comments were filed, and the Committee filed its response.
*506 Upon consideration of the comments and the Committee’s response, we amend the instructions to form 12.996(d) to provide further information to attorneys and pro se litigants to assist in filling out the federal form that form 12.996(d) is meant to accompany. Specifically, language is added to the instructions to explain the terms “Remittance Identifier” and “FIPS code” — terms that are used in the federal form — and a list of FIPS and County Codes is added.[2]
The comments filed in this case and the Committee’s response raise multiple issues with regard to the usage of the federal form and the Florida forms relating to income deduction, and according to the Committee’s response, in some instances, certain forms are rejected by some circuit courts. The issues with regard to the usage of the federal form and the Florida forms are beyond the scope of the Court’s consideration in this matter, which involves only the adoption of form 12.996(d). Accordingly, we refer these issues back to the Committee for further study and recommendations. We also emphasize that all forms adopted by this Court must be accepted in all Florida courts.
Form 12.996(d), Florida Addendum to Income Withholding Order, is hereby amended as reflected in the appendix to this opinion. The form is fully engrossed and ready for use. The amended form will also be available on the Florida State Courts website at www.flcourts.org/gen_ public/family/forms_jrules/index.shtml. The amendments to the form shall become effective immediately upon release of this opinion.
It is so ordered.
POLSTON, C.J., and PARIENTE, LEWIS, QUINCE, CANADY, LABARGA, and PERRY, JJ., concur.
APPENDIX
INSTRUCTIONS FOR FLORIDA FAMILY LAW RULES OF PROCEDURE FORM 12.996(d), FLORIDA ADDENDUM TO INCOME WITHHOLDING ORDER (07/13)
When should this form be used?
This form should be used when the court has ordered that support be paid by income deduction and OMB Form 0970-0154, Income Withholding for Support, has been used. This form must be added to the OMB form to provide provisions required for income deduction orders by Florida law.
This form should be typed or printed in black ink. It should be attached to the OMB form and filed with the clerk of the circuit court in the county in which your action is pending.
What should I do next?
A copy of this form and a copy of the OMB Income Withholding for Support form, signed by the judge, should be sent to the obligor’s payor by certified mail, return receipt requested. The return receipt should be sent to the person who prepared this form, so that it can be filed with the court with Florida Family Law Rules of Procedure Form 12.996(c), Notice of Filing Return Receipt.
Where can I look for more information?
Before proceeding, you should read “General Information for Self-Repre *507 sented Litigants” found at the beginning of these forms. The words that are in “bold underline ” in these instructions are defined there. For further information see sections 61.13 and 61.1301, Florida Statutes.
Special Instructions ...
When filling out an Income Withholding for Support form, please note the following additional instructions for that form:
1. The Remittance Identifier is the County Code for the county the case was heard in followed by the Case Number. A list of county codes is included with these instructions.
2. The FIPS code may be found on the attached list. Use the code for the County in which the case is pending.
Remember, a person who is NOT an attorney is called a nonlawyer. If a nonlawyer helps you fill out these forms, that person must give you a copy of a Disclosure from Nonlawyer, Florida Family Law Rules of Procedure Form 12.900(a), before he or she helps you. A nonlawyer helping you fill out these forms also must put his or her name, address, and telephone number on the bottom of the last page of every form he or she helps you complete.
FIPS and County Codes
[[Image here]]
*508 JACKSON 12063 32 WALTON OS OS i — i CO
JEFFERSON 12065 WASHINGTON OS -Cl CO CO
LAFAYETTE 12067 34
IN THE CIRCUIT COURT OF THE JUDICIAL CIRCUIT, IN AND FOR COUNTY, FLORIDA Case No: _ Division: _, Petitioner, and _, Respondent.
FLORIDA ADDENDUM TO INCOME WITHHOLDING ORDER
THE PAYOR, {name } IS HEREBY NOTIFIED that, under sections 61.13 and 61.1301, Florida Statutes, you have the responsibilities and rights set forth below with regard to the Income Withholding Order/Notice for Support.
1. The Income Withholding Order/Notice for Support is enforceable against employers specifically listed upon the form as well as all subsequent employers/payors of Obligor, {name} _, {address}
2. You are required to deduct from the obligor’s income the amount specified in the income withholding order, and in the case of a delinquency the amount specified in the notice of delinquency, and to pay that amount to the State of Florida Disbursement Unit. The amount actually deducted plus all administrative charges shall not be in excess of the amount allowed under section 303(b) of the Consumer Credit Protection Act, 15 U.S.C. Section 1673(b), as amended.
3. You must implement the income deduction no later than the first payment date which occurs more than 14 days after the date the income deduction order was served on you, and you shall conform the amount specified in the income withholding order to the obligor’s pay cycle. The court should request at the time of the order that the payment cycle will reflect that of the obligor.
4. You must forward, within 2 days after each date the obligor is entitled to payment from you, to the State of Florida Disbursement Unit, the amount deducted from the obligor’s income, a statement as to whether the amount totally or partially satisfies the periodic amount specified in the income withholding order, and the specific date each deduction is made. If the IV-D agency is enforcing the order, you shall make these notifications to the agency.
5. If you fail to deduct the proper amount from the obligor’s income, you are liable for the amount you should have deducted, plus costs, interest, and reasonable attorneys’ fees.
6. You may collect up to $5 against the obligor’s income to reimburse you for the administrative costs for the first income deduction and up to $2 for each deduction thereafter.
7. The Income Withholding Order/Notice for Support is binding on you until further notice by court order or until you no longer provide income to the obligor.
*509 8. When you no longer provide income to the obligor, you shall notify the obli-gee, {name } _, {address} -, and provide provide the obligor’s last known address and the name and address of the obligor’s new payor, if known, utilizing the form contained within the Income Withholding Order/Notice for Support. If you violate this provision, you are subject to a civil penalty not to exceed $250 for the first violation or $500 for any subsequent violation. If the IV-D agency is enforcing the order, you shall make these notifications to the agency instead of the obli-gee. Penalties shall be paid to the obligee or the IV-D agency, whichever is enforcing the income deduction order.
9. You shall not discharge, refuse to employ, or take disciplinary action against an obligor because of the requirement for income deduction. A violation of this provision subjects you to a civil penalty not to exceed $250 for the first violation or $500 for any subsequent violation. Penalties shall be paid to the obligee or the IV-D agency, whichever is enforcing the income deduction, if any alimony or child support obligation is owing. If no alimony or child support obligation is owing, the penalty shall be paid to the obligor.
10. The obligor may bring a civil action in the courts of this state against a pay- or who refuses to employ, discharges, or otherwise disciplines an obligor because of income deduction. The obli-gor is entitled to reinstatement of all wages and benefits lost, plus reasonable attorneys’ fees and costs incurred.
11. In a Title IV-D case, if an obligation to pay current support is reduced or terminated due to the emancipation of a child and the obligor owes an ar-rearage, retroactive support, delinquency, or costs, income deduction continues at the rate in effect immediately prior to emancipation until all arrearages, retroactive support, delinquencies, and costs are paid in full or until the amount of withholding is modified.
12. All notices to the obligee shall be sent to the address provided in this notice to payor, or any place thereafter the obligee requests in writing.
13. An employer who employed 10 or more employees in any quarter during the preceding state fiscal year or who was subject to and paid tax to the Department of Revenue in an amount of $20,000 or more shall remit support payments deducted pursuant to an income deduction order or income deduction notice and provide associated case data to the State Disbursement Unit by electronic means approved by the department. Payors who are required to remit support payments electronically can find more information on how to do so by accessing the State Disbursement Unit’s website at www.floridasdu.com and clicking on “Payments.” Payment options include Expert Pay, Automated Clearing House (ACH) credit through your financial institution, www.myfloridacounty.com, or Western Union. Payors may contact the SDU Customer Service Employer telephone line at 1-888-883-0743.
*510 14. The amount of arrears owed, if any, is $_You must withhold an additional twenty percent (20%) or more of the ongoing periodic obligation towards same, at the rate of $_per_until full payment is made of any arrearage, attorneys’ fees and costs-provided that no deduction shall be applied to attorneys’ fees and costs until the full amount of any arrearage is paid. If a delinquency accrues after the order establishing, modifying, or enforcing support has been entered and there is no existing order for repayment of the delinquency or a pre-existing ar-rearage, a payor shall deduct $_ per _ (which represents an additional twenty percent (20%) of the current support obligation, or other amount agreed to by the parties) until the delinquency and any attorneys’ fees and costs are paid in full. No deduction may be applied to attorneys’ fees and costs until the delinquency is paid in full.
15. Pursuant to sections 61.13 and 61.1301, Florida Statutes, the amounts listed for payment on the Income Withholding Order must be varied by the employer/payor for bonus income, or similar one-time payment:
You shall deduct [Choose only one] () the full amount, ()_%, or () none of the income which is payable to the obli-gor in the form of a bonus or other similar one-time payment, up to the amount of arrearage reported in the Income Deduction Order or the remaining balance thereof, and forward the payment to the State of Florida Disbursement Unit. For purposes of this subpar-agraph, “bonus” means a payment in addition to an obligor’s usual compensation and which is in addition to any amounts contracted for or otherwise legally due and shall not include any commission payments due an obligor.
16.Child Support Reduction/Termination Schedule. Child support amount listed on the IWO shall be automatically reduced or terminated as set forth in the following schedule:
[[Image here]]
*511 [[Image here]]

(Continue on additional pages for additional children)

NOTE: This change only relates to the amount of the child support obligation portion of the payments listed in the first page of the Income Withholding Order. If there is a child support arrearage in a Title IV-D case, the amount will not be reduced due to the child no longer being eligible for support pursuant to paragraph 11 above.
17. Additional information regarding the implementation of income deduction may be found at www.floridasdu.com. IF A NONLAWYER HELPED YOU FILL OUT THIS FORM, HE/SHE MUST FILL IN THE BLANKS BELOW [All in all blanks] This form was prepared for the: {choose only one } () Petitioner () Respondent This form was completed with the assistance of:
[[Image here]]

. We have jurisdiction. See art. V, § 2(a), Fla. Const.

. A typographical error in the note above paragraph 17 of the form is corrected. We decline to amend paragraph 13 of the form as shown in the legislative format version of the proposed amendments attached to the Committee’s response to the comments.