# Supreme Court of Florida

_____

No. SC18-1908

_____

**IN RE: AMENDMENTS TO THE FLORIDA FAMILY LAW RULES OF PROCEDURE—FORMS 12.996(a) AND 12.996(d).**

December 5, 2019

PER CURIAM.

This matter is before the Court for consideration of proposed amendments to the Florida Family Law Rules of Procedure Forms. We have jurisdiction. *See* art. V, § 2(a), Fla. Const.

The Family Law Rules Committee (Committee) filed an Out-of-Cycle Report of the Family Law Rules Committee Regarding Forms for Income Deduction Orders. *See* Fla. R. Jud. Admin. 2.140(f). The Committee's proposals were made in response to this Court's request in *In re Amendments to the Florida Family Law Rules of Procedure—Form 12.996(d)*, 121 So. 3d 505 (Fla. 2013), that the Committee suggest an approach to address the confusion concerning the existing federal and Florida income deduction order and notices. To resolve this issue, the Committee proposes amendments to Florida Family Law Rules of

Procedure Form 12.996(a) (Income Deduction Order) and the deletion of Form 12.996(d) (Florida Addendum to Income Withholding Order).

The Board of Governors approved both the proposed amendments to Form 12.996(a) and the deletion of Form 12.996(d). The Committee published the amendments for comment before filing them with this Court, but no comments were received. Subsequently, this Court published the proposals for comments, and received one comment from the Florida Department of Revenue in support of the proposals.

## AMENDMENTS

The instructions to Form 12.996(a) are amended so that it may be used in both Title IV-D and non-Title IV-D cases, and the title of the form is updated to reflect this change. Also, a paragraph is added to the instructions advising the user that the federal Income Withholding for Support Form (IWO) should be attached as a notice to Form 12.996(a), and additional instructions are included for filling out the IWO. Also, the form is amended to include additional options to include all forms of alimony and child support that may be deducted. Additionally, editorial amendments and amendments to improve clarity are made throughout the instructions. Finally, Form 12.996(d) is deleted because it is no longer needed due to the amendments to Form 12.996(a).

# CONCLUSION

Accordingly, Florida Family Law Rules of Procedure Form 12.996(a) is hereby amended as set forth in the appendix to this opinion, fully engrossed, and Form 12.996(d) is hereby deleted. The amended form will also be available on the Florida State Courts' website at www.flcourts.org/gen_public/family/forms_rules/index.shtml. The amendments shall become effective immediately upon release of this opinion.

It is so ordered.

CANADY, C.J., and POLSTON, LABARGA, LAWSON, LAGOA, and MUÑIZ, JJ., concur.

THE FILING OF A MOTION FOR REHEARING SHALL NOT ALTER THE EFFECTIVE DATE OF THESE AMENDMENTS.

Original Proceeding – Florida Supreme Court Approved Family Law Forms

Mary Lou Cuellar-Stilo, Chair, and Maria Liliana Obradovich, Past Chair, Family Law Rules Committee, Tampa, Florida; and Joshua E. Doyle, Executive Director, and Mikalla Andies Davis, Bar Liaison, The Florida Bar, Tallahassee, Florida,

for Petitioner

Joan K. Koch, Chief Counsel, Florida Department of Revenue-Child Support Program, Tallahassee, Florida,

Responding with comments

# APPENDIX

## INSTRUCTIONS FOR FLORIDA FAMILY LAW RULES OF PROCEDURE FORM 12.996(a), INCOME DEDUCTION ORDER (12/19)

### When should this form be used?

This form should be used in all cases when the court has ordered that support be paid by the **obligor's payor** through an income deduction order.

This form includes several blanks that must be filled in as applicable. The obligor is the person who is obligated to pay the support ordered by the court and the **obligee** is the person entitled to receive the support awarded by the court.

In Paragraph 1, one of the three lines must be checked off. The court order that establishes the support award and/or the settlement or mediation agreement entered into between the parties should state the effective date of the **Income Deduction Order**. The appropriate effective date should be checked off in Paragraph 1.

The blank lines in Paragraph 2 should be completed tracking the same terms of support as are in the court order that establishes the support award and/or the settlement or mediation agreement. The first blank in each line should state the amount of the support payment and the second blank in each line should state the time period that covers said support award. For example, if the child support is $100 per month the first blank would say $ "*100*" and the second blank in that line would say *"month"*. Similarly, if the payments are to be payable weekly, then the second blank would say "*week*". If there are any arrearages owed at the time the **Income Deduction Order** is entered, they must be included in the line for arrears, along with the amount and frequency of the payments due for the arrears, which must be no less than 20% of the current support obligation. All orders for immediate income deduction must be paid through the State Disbursement Unit. The actual dollar amount of the Clerk's fee for the support awarded in your case (4% of each payment not to exceed $5.25 per payment) must be included on the appropriate line.

Paragraph 6 must be completed to show what percentage, if any, of a one-time payment made to the obligor should be applied to any arrearage in support that may be due to the obligee.

If the **Income Deduction Order** is addressing child support, you must complete the schedule in paragraph 7 to show the amount of child support for all the minor children at the time of the entry of this order and the amount of the child support that will be owed for any remaining child(ren) after one or more of the children are no longer entitled to receive child support. You should also show in the schedule the day, month, and year that the child support obligation terminates for each minor child. The date child support terminates should be listed as the child's 18th birthday unless the court has found that section 743.07(2), Florida Statues, applies, or the parties have otherwise agreed to a different date. You should use the record existing at the time of this order for the basis of computing all child support obligations.

If the **Income Deduction Order** is addressing child support, you must also complete and attach the federal INCOME WITHHOLDING FOR SUPPORT (IWO) FORM (OMB Form 0970-0154) to the Income Deduction Order. When filling out an Income Withholding for Support Form, please note the following additional instructions for that form:

     1. The Remittance Identifier is the County Code for the county in which the case was heard

followed by the Case Number.  A list of county codes is included with these instructions.

2. The FIPS code may be found on the attached list.  Use the code for the County in which the case is pending.

FIPS and County Codes

| COUNTY | FIPS | COUNTY CODE | COUNTY | FIPS | COUNTY CODE |
|--------|------|-------------|--------|------|-------------|
| ALACHUA | 12001 | 01 | LAKE | 12069 | 35 |
| BAKER | 12003 | 02 | LEE | 12071 | 36 |
| BAY | 12005 | 03 | LEON | 12073 | 37 |
| BRADFORD | 12007 | 04 | LEVY | 12075 | 38 |
| BREVARD | 12009 | 05 | LIBERTY | 12077 | 39 |
| BROWARD | 12011 | 06 | MADISON | 12079 | 40 |
| CALHOUN | 12013 | 07 | MANATEE | 12081 | 41 |
| CHARLOTTE | 12015 | 08 | MARION | 12083 | 42 |
| CITRUS | 12017 | 09 | MARTIN | 12085 | 43 |
| CLAY | 12019 | 10 | MONROE | 12087 | 44 |
| COLLIER | 12021 | 11 | NASSAU | 12089 | 45 |
| COLUMBIA | 12023 | 12 | OKALOOSA | 12091 | 46 |
| DADE | 12025 | 13 | OKEECHOBEE | 12093 | 47 |
| DESOTO | 12027 | 14 | ORANGE | 12095 | 48 |
| DIXIE | 12029 | 15 | OSCEOLA | 12097 | 49 |
| DUVAL | 12031 | 16 | PALM BEACH | 12099 | 50 |
| ESCAMBIA | 12033 | 17 | PASCO | 12101 | 51 |
| FLAGLER | 12035 | 18 | PINELLAS | 12103 | 52 |
| FRANKLIN | 12037 | 19 | POLK | 12105 | 53 |
| GADSDEN | 12039 | 20 | PUTNAM | 12107 | 54 |
| GILCHRIST | 12041 | 21 | ST. JOHNS | 12109 | 55 |
| GLADES | 12043 | 22 | ST. LUCIE | 12111 | 56 |
| GULF | 12045 | 23 | SANTA ROSA | 12113 | 57 |
| HAMILTON | 12047 | 24 | SARASOTA | 12115 | 58 |
| HARDEE | 12049 | 25 | SEMINOLE | 12117 | 59 |
| HENDRY | 12051 | 26 | SUMTER | 12119 | 60 |
| HERNANDO | 12053 | 27 | SUWANNEE | 12121 | 61 |
| HIGHLANDS | 12055 | 28 | TAYLOR | 12123 | 62 |
| HILLSBOROUGH | 12057 | 29 | UNION | 12125 | 63 |
| HOLMES | 12059 | 30 | VOLUSIA | 12127 | 64 |
| INDIAN RIVER | 12061 | 31 | WAKULLA | 12129 | 65 |
| JACKSON | 12063 | 32 | WALTON | 12131 | 66 |
| JEFFERSON | 12065 | 33 | WASHINGTON | 12133 | 67 |
| LAFAYETTE | 12067 | 34 | | | |

Florida Family Law Rules of Procedure Form 12.996(a), Income Deduction Order (12/19)

# What should I do next?

For this order to be effective, it must be signed by the **judge**. This form should be typed or printed in black ink. After completing this form, you must first send a copy to the other **party** or his or her **attorney**, if he or she is represented by an attorney, for approval or objection to the form before you send it to the judge assigned to your case. If the opposing party or his or her attorney, if represented, approves the form order, you may send the original proposed order and two copies to the judge assigned to your case with a letter telling the judge that you have first sent a copy of this proposed order to the opposing counsel or party, if unrepresented, and that they have no objection to the judge signing this order.  If the other party or his or her attorney, if represented, has an objection to the proposed order as completed by you, you must tell the judge that you have sent a copy of this proposed order to the opposing party or his or her counsel, if represented, and that they specifically object to the entry of the proposed form **Income Deduction Order**. You must also send stamped self-addressed envelopes to the judge addressed to you and the opposing party or his or her attorney, if represented.  You should keep a copy for your own records. If the judge signs the **Income Deduction Order**, the judge will mail you and the opposing party (or their attorney) copies of the signed order in the envelopes you provide to the court.

# Where can I look for more information?

**Before proceeding, you should read "General Information for Self-Represented Litigants" found at the beginning of these forms.**  The words that are in **"bold underline"** in these instructions are defined there. For further information see section 61.1301, Florida Statutes.

### IMPORTANT INFORMATION REGARDING E-FILING

The Florida Rules of Judicial Administration now require that all petitions, pleadings, and documents be filed electronically except in certain circumstances. **Self-represented litigants may file petitions or other pleadings or documents electronically; however, they are not required to do so.** If you choose to file your pleadings or other documents electronically, you must do so in accordance with Florida Rule of Judicial Administration 2.525, and you must follow the procedures of the judicial circuit in which you file. The rules and procedures should be carefully read and followed.

### IMPORTANT INFORMATION REGARDING E-SERVICE ELECTION

The Florida Rules of Judicial Administration now require that all documents required or permitted to be served on the other party must be served by electronic mail (e-mail) except in certain circumstances. **You must strictly comply with the format requirements set forth in the Rules of Judicial Administration.**  If you elect to participate in electronic service, which means serving or receiving pleadings by electronic mail (e-mail), or through the Florida Courts E-Filing Portal, you must review Florida Rule of Judicial Administration 2.516.  You may find this rule at www.flcourts.org through the link to the Rules of Judicial Administration provided under either Family Law Forms: Getting Started, or Rules of Court in the A-Z Topical Index.

**SELF-REPRESENTED LITIGANTS MAY SERVE DOCUMENTS BY E-MAIL; HOWEVER, THEY ARE NOT REQUIRED TO DO SO.** If a self-represented litigant elects to serve and receive documents by e-mail, the procedures must always be followed once the initial election is made.

To serve and receive documents by e-mail, you must designate your e-mail address by using the **Designation of Current Mailing and E-mail Address**, Florida Supreme Court Approved Family Law Form 12.915, and you must provide your e-mail address on each form on which your signature appears. Please **CAREFULLY** read the rules and instructions for: **Certificate of Service (General)**, Florida Supreme Court Approved Family Law Form 12.914; **Designation of Current Mailing and E-mail Address**, Florida Supreme Court Approved Family Law Form 12.915; and Florida Rule of Judicial Administration 2.516.

## Special Instructions...

When the **Income Deduction Order** becomes effective (either immediately or delayed until arrearage), you must then also send a copy of the **Income Deduction Order,** by certified mail, return receipt requested, to the obligor's employer along with a **Notice to Payor,** Florida Family Law Rules of Procedure Form 12.996(b), for the **Income Deduction Order** to take effect.

It is your responsibility to determine what extra steps and/or forms, if any, must be taken, supplied, and/or filed to insure the **Income Deduction Order** is implemented.

Remember, a person who is NOT an attorney is called a nonlawyer. If a nonlawyer helps you fill out these forms, that person must give you a copy of a **Disclosure from Nonlawyer**, Florida Family Law Rules of Procedure Form 12.900(a), before he or she helps you. A nonlawyer helping you fill out these forms also **must** put his or her name, address, and telephone number on the bottom of the last page of every form he or she helps you complete.

IN THE CIRCUIT COURT OF THE _____ JUDICIAL CIRCUIT,

IN AND FOR _____ COUNTY, FLORIDA

Case No: _____
Division: _____

_____,
Petitioner,
and
_____,
Respondent.

**INCOME DEDUCTION ORDER**

TO:     ANY PRESENT OR SUBSEQUENT EMPLOYERS/PAYORS OF OBLIGOR
*{name}* _____

YOU ARE HEREBY ORDERED to make regular deductions from all income due and payable to the above-named obligor in accordance with the terms of this order as follows:

1.  This Income Deduction Order shall be effective

    *{Choose only one}*
    _____ immediately.
    _____ upon a delinquency in the amount of $_____ but not to exceed one month's payment, pursuant to the order establishing, enforcing, or modifying the obligation.
    _____ beginning *{date}* _____.

2.  You shall deduct:

    $_____ per _____ for ongoing child support. Child support shall be automatically reduced or terminated consistent with the schedule in paragraph 7; and
    $_____ per _____ for retroactive child support; and
    $_____ per _____ for child support arrears totaling $_____ as of _____; and
    $_____ per _____ for bridge-the-gap alimony; and
    $ _____ per _____ for permanent alimony; and
    $_____ per _____ for rehabilitative alimony; and
    $_____ per _____ for durational alimony; and
    $_____ per _____ for permanent alimony; and
    $_____ per _____ for retroactive alimony; and
    $_____ per _____ for alimony arrears totaling $_____ as of_____; and
    $_____ per_____ for _____; and
    $_____ per_____ for Clerk's Fee (4% of each payment not to exceed $5.25 per payment);

    **$_____Total amount of income to be deducted each_____.**

3. You shall pay the deducted amount to the "State of Florida Disbursement Unit", and mail it to the State of Florida Disbursement Unit P.O. Box 8500, Tallahassee, FL 32314-8500, (tel.) (877) 769-0251. All payments must include the obligor's name (last, middle, first), obligor's social security number, obligee's name (last, middle, first), name of county where court order originated, and case number/depository number. All payments must be made by check, money order, cashier's check, certified check, or through the Internet with access provided by the State of Florida https://fl.smartchildsupport.com/. No credit will be given for any payments made directly to the obligee without a court order permitting direct payments.

4. If a delinquency accrues after the order establishing, modifying, or enforcing the obligation has been entered and there is no order for repayment of the delinquency or a preexisting arrearage, a payor shall deduct an additional 20 percent of the current support obligation or other amount agreed to by the parties until the delinquency and any attorneys' fees and costs are paid in full. No deduction may be applied to attorneys' fees and costs until the delinquency is paid in full.

5. You shall not deduct in excess of the amounts allowed under the Consumer Credit Protection Act, 15 U.S.C. §673(b), as amended.

6. You shall deduct *{Choose only one}* (    ) the full amount, (    ) _____%, or (    ) none of the income which is payable to the obligor in the form of a bonus or other similar one-time payment, up to the amount of arrearage reported in the Income Deduction Order or the remaining balance thereof, and forward the payment to the State of Florida Disbursement Unit. For purposes of this subparagraph, "bonus" means a payment in addition to an obligor's usual compensation and which is in addition to any amounts contracted for or otherwise legally due and shall not include any commission payments due an obligor.

7. Child Support Reduction/Termination Schedule. Child support shall be automatically reduced or terminated as set forth in the following schedule:

| Please list children by initials from eldest to youngest | | Insert in this column the day, month, and year the child support obligation terminates for each designated child (see instructions) | | Insert in this column the amount of child support for all minor children remaining (including designated child). |
| --- | --- | --- | --- | --- |
| **Child 1** (Eldest) Initials & year of birth: | *From the effective date of this Income Deduction Order **until** the following date:* | | *child support for Child 1 and all other younger child(ren) should be paid in the following monthly amount:* | |

| Child 2 Initials & year of birth: | After the date set forth in the row above until the following date: | | child support for Child 2 and all other younger child(ren) should be paid in the following monthly amount: | |
|---|---|---|---|---|
| **Child 3** Initials & year of birth: | *After the date set forth in the row above until the following date:* | | *child support for Child 3 and all other younger child(ren) should be paid in the following monthly amount:* | |
| **Child 4** Initials & year of birth: | *After the date set forth in the row above until the following date:* | | *child support for Child 4 and all other younger child(ren) should be paid in the following monthly amount:* | |
| **Child 5** Initials & year of birth: | *After the date set forth in the row above until the following date:* | | *child support for Child 5 and all other younger child(ren) should be paid in the following monthly amount:* | |

*(Continue on additional pages for additional children)*

8. This Income Deduction Order shall remain in effect so long as the underlying order of support is effective or until further order of the court.


**STATEMENT OF OBLIGOR'S RIGHTS, REMEDIES, AND DUTIES**

9. The obligor is required to pay all amounts and fees specified within this Income Deduction Order.

10. The amounts deducted may not be in excess of that allowed under the Consumer Credit Protection Act, 15 U.S.C. §1673(b) as amended.

11. This income deduction order applies to all of the obligor's current and subsequent payors and periods of employment.

12. A copy of the Income Deduction Order will be served upon the obligor's payor or payors.

13. Enforcement of the Income Deduction Order may only be contested on the ground of mistake of fact regarding the amount owed pursuant to the order establishing, enforcing, or modifying the obligation, the arrearages, or the identity of the obligor, the payor, or the obligee.

14. The obligor is required to notify the obligee and, when the obligee is receiving IV-D services, the IV-D agency, within 7 days of any changes in the obligor's address, payors, and the addresses of the obligor's payors.

15. In a Title IV-D case, if an obligation to pay current support is reduced or terminated due to emancipation of a child and the obligor owes an arrearage, retroactive support, delinquency, or costs, income deduction continues at the rate in effect immediately prior to emancipation until all arrearages, retroactive support, delinquencies, and costs are paid in full or until the amount of withholding is modified.

16. If any form of child support is provided for above, attached hereto and incorporated herein by reference is an INCOME WITHHOLDING FOR SUPPORT (IWO) Form notice in accordance with OMB Form 0970-0154 and 42 U.S.C. §666(b)(6)(A)(ii).


ORDERED on_____.


_____
CIRCUIT JUDGE


I certify that a copy of this document was served *{check all used}* to the person(s) listed below on *{date}*.

_____Petitioner: (    ) e-mailed (    ) mailed (    ) faxed (    ) hand delivered

_____Attorney for Petitioner: (    ) e-mailed (    ) mailed (    ) faxed (    ) hand delivered

_____Respondent: (    ) e-mailed (    ) mailed (    ) faxed (    ) hand delivered

_____Attorney for Respondent: (    ) e-mailed (    ) mailed (    ) faxed (    ) hand delivered

_____Other: _____: (    ) e-mailed (    ) mailed (    ) faxed (    ) hand delivered


_____
Title